UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DESEAN GILDYARD,

    Plaintiff,

v.                                      Case No.:  2:24-cv-702-SPC-KCD

CHILDREN'S NETWORK OF
SOUTHWEST FLORIDA, LLC,

    Defendant.
_____/

## OPINION AND ORDER

Before the Court are Defendant Children's Network of Southwest Florida, LLC's Motion to Dismiss (Doc. 41) and Plaintiff DeSean Gildyard's response (Doc. 44). For the below reasons, the Court grants the motion in part.

This is an employment discrimination case. Plaintiff alleges the following in his second amended complaint.[1] Plaintiff is a licensed mental health counselor with a bachelor's degree in criminal justice and a master's degree in counseling and psychology. (Doc. 33 ¶ 18). He is a 47-year-old, black male. (*Id.* ¶ 17). In September 2019, Defendant hired him as a substance abuse specialist. (*Id.* ¶ 23). He was the only employee with a master's certified addiction professional ("MCAP") license. (*Id.* ¶ 22).

---

[1] The Court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to" Plaintiff. *Belanger v. Salvation Army*, 556 F.3d 1153, 1155 (11th Cir. 2009).

Despite his credentials, Plaintiff asserts that Defendant subjected him to disparate treatment based on his age and race. (*Id.* ¶¶ 80, 92, 110). For support, he points to a conflict he had with another employee; the use of a racial slur; pay, promotion, and benefits discrepancies with other employees; and his termination. (*Id.* ¶¶ 24–57, 70, 74–75). He alleges Defendant retaliated against him for complaining about this disparate treatment. (*Id.* ¶¶ 88, 100, 117). He also alleges that because of this discrimination, he had to take medical leave. (*Id.* ¶ 58). During his medical leave, he was not fully compensated, continued to receive work emails and referrals, and was demoted. (*Id.* ¶¶ 61–69). And in August 2024, Defendant fired him for allegedly violating the terms of his employment. (*Id.* ¶ 70–71).

Plaintiff invokes various legal theories. In Counts I through IV, he claims discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a) and the Florida Civil Rights Act ("FCRA"), Florida Statute § 760.10. (*Id.* ¶¶ 77–106). In Count V, he claims age discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 *et seq*. and 28 U.S.C. § 1343(4). (*Id.* ¶¶ 107–13). In Count VI, he claims retaliation under the Civil Rights Act of 1866, 42 U.S.C. § 1981. (*Id.* ¶¶ 114–20). And in Count VII, he claims retaliation under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq*. (*Id.* ¶¶ 121–25). Defendant moves to dismiss all counts. (Doc. 41).

**Legal Standard**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). If a court can draw reasonable inferences of a defendant's liability from the facts pled, then the claim is "facially plausible." *Iqbal*, 556 U.S. at 678. But "labels and conclusions, and a formulaic recitation of the elements of a cause of action" are simply not enough. *Twombly*, 550 U.S. at 555.

**Analysis**

This is not the first time the Court has reviewed Plaintiff's allegations. In its last dismissal order, the Court dismissed the amended complaint without prejudice because, among other grounds, Plaintiff failed to timely exhaust certain discrimination claims and failed to state a discrimination or retaliation claim. (Doc. 32 at 5–19). The Court granted Plaintiff leave to file a second amended complaint but observed that many of the amended complaint's deficiencies "likely cannot be remedied by amendment." (*Id.* at 23 n.4). The Court warned that any further deficiencies "will result in dismissal with prejudice as to the remaining claims." (*Id.*).

Plaintiff added very few factual allegations to his second amended complaint. He added allegations that a coworker once called him an "old man,"

3

the approximate date on which a supervisor called him a racial slur, and that two of his coworkers are under the age of 40. (Doc. 33 ¶¶ 25, 32, 111). In its motion to dismiss, Defendant essentially argues that Plaintiff did not remedy the deficiencies outlined in the Court's dismissal order. The Court agrees.

In his discrimination claims (Counts I, III, and V), Plaintiff incorporates factual allegations related to promotions, compensation, other miscellaneous actions taken during his employment, and his termination. (*Id.* ¶¶ 77, 90, 107). He also cites two incidents, one race-related and one age-related, to support his claims. (*Id.*). The Court will address each of these factual allegations and whether they support a discrimination claim.

The Court starts with the promotions. For the reasons stated in the last dismissal order, Plaintiff did not timely exhaust his failure to promote claims. He alleges in his second amended complaint that he did not receive any promotion while working for Defendant and references the position of peer recovery supervisor. (*Id.* ¶¶ 36–38). If this is referring to the promotion of his coworker Chris Rossi, the claim is time-barred. (Doc. 32 at 11). If it is referring to some other promotion opportunity, Plaintiff failed to exhaust this claim, much like his earlier claim involving the promotion of Kristianna Kerr. (*Id.* at 9).

Next, Plaintiff's allegations about compensation discrimination are insufficient. To claim compensation discrimination, Plaintiff alleges

4

discrepancies in pay between himself and two white, younger coworkers. In the last dismissal order, the Court directed Plaintiff to amend this claim to: (1) provide the age of his coworker comparators, Kerr and Rossi; and (2) provide sufficient allegations that these comparators were "similarly situated in all material respects." (*Id.* at 13–14). Plaintiff has added an allegation that "Rossi and Kerr are under the age of 40, and younger than the Plaintiff." (Doc. 33 ¶ 111). But he added no factual allegations about whether Rossi and Kerr are similarly situated in all material respects. He still "alleges essentially nothing about his comparator's job functions." (Doc. 32 at 13–14). Because his compensation discrimination claim is based only on his inadequate comparator allegations, he fails to state a claim. *See Caraway v. Sec'y, U.S. Dep't of Transp.*, 550 F. App'x 704, 709 (11th Cir. 2013) (affirming the district court's Rule 12(b)(6) dismissal of an ADEA claim because "the amended complaint did not specifically allege the existence of a valid comparator or otherwise allege facts giving rise to an inference of disparate treatment").

The various miscellaneous actions taken during his employment—that he was not invited to a professional event, not given a performance evaluation, and not given a reimbursement—also do not support a discrimination claim. The Court has already held that these actions were insufficient as alleged in the amended complaint, and Plaintiff did not add any new allegations about them in his second amended complaint. (Doc. 32 at 14–16).

Plaintiff's discriminatory termination claim fares no better. The Court has already held that Plaintiff failed to exhaust this claim. (*Id.* at 8). His amendment changes nothing.

As to a potential race-based hostile work environment claim, he adds only one new allegation—that the previously alleged incident involving a supervisor calling him the n-word occurred in December 2023. (Doc. 33 ¶ 32). The Court already found that his EEOC charge did not exhaust a race-based hostile work environment claim. (Doc. 32 at 9–10). This remains true.[2]

Plaintiff also added only one allegation to support a potential age-based hostile work environment claim—that Rossi once called him various insults and "an old man." (Doc. 33 ¶ 25). But as the Court has already instructed, "isolated incidents (unless extremely serious) will not amount to" a hostile work environment claim. *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998).

Plaintiff also fails to state a Title VII, FCRA, or § 1981 retaliation claim (Counts II, IV, and VI). To state a claim for retaliation, Plaintiff must allege (1) he participated in a protected activity, (2) he suffered an adverse

---

[2] The Court is not convinced that Plaintiff even alleges a hostile work environment claim in his second amended complaint. Plaintiff—who is represented by counsel—never mentions a hostile work environment. In fact, he often refers to his claims as involving "disparate treatment." (Doc. 33 ¶ 80, 92). The Eleventh Circuit has found similar allegations fail to raise a discrimination claim under a hostile work environment theory. *See Michaels v. Sasser's Glass Works Inc.*, No. 23-11166, 2025 WL 588648, at *4 (11th Cir. Feb. 24, 2025).

6

employment action, and (3) there is a causal connection between the protected activity and adverse action. *See Arafat v. Sch. Bd. of Broward Cnty.*, 549 F. App'x 872, 874 (11th Cir. 2013).

Plaintiff alleges that he complained about pay and promotions in 2021, provided a formal complaint about the "old man" incident in 2022, and reported that a supervisor called him the n-word in December 2023. (Doc. 33 ¶¶ 26, 32, 46–49). This is protected activity. *See Muhammad v. Audio Visual Servs. Grp.*, 380 F. App'x 864, 872 (11th Cir. 2010). And he alleges his termination was the retaliatory adverse action. (Doc. 33 ¶¶ 102 ("Mr. Gildyard's . . . discharge was motivated by retaliation[.]"), 117 ("Defendant terminated Plaintiff's contractual relationship in retaliation for reporting of and opposition to Defendant's unlawful employment practices based on his race.")).

Even so, Plaintiff fails to allege a causal connection between his complaints and his termination. He complained in 2021, 2022, and 2023. But Defendant did not terminate him until August 21, 2024. Even "the lapse of three months" between protected activity and an adverse employment action "is too long to permit an inference of causation based on temporal proximity alone." *Gilliam v. U.S. Dep't of Veterans Affs.*, 822 F. App'x 985, 990 (11th Cir. 2020) (affirming the district court's Rule 12(b)(6) dismissal). Here, the lapse is much longer. And Plaintiff alleges no other causal link between his complaints

7

and his termination. So he fails to plausibly allege causation and, in turn, fails to state a Title VII, FCRA, or § 1981 retaliation claim.

Plaintiff's last claim, FMLA retaliation (Count VII), survives. In the dismissal order, the Court directed Plaintiff to allege dates related to this claim so that the Court could consider causation. (Doc. 32 at 19). Plaintiff failed to comply. In any event, he alleges that he was demoted *while on medical leave*. (Doc. 33 ¶ 64). So his FMLA retaliation claim does not suffer from the same dispositive causation problem as his Title VII, FCRA, and § 1981 retaliation claims. Defendant asserts no other argument against this claim.

Accordingly, it is now

**ORDERED:**

(1) Defendant's Motion to Dismiss (Doc. 41) is **GRANTED in part and DENIED in part.**

(2) Counts I–VI are **DISMISSED with prejudice.**

**DONE** and **ORDERED** in Fort Myers, Florida on July 28, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record