UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DESEAN GILDYARD,

        Plaintiff,

v.

                              Case No. 2:24-cv-702-SPC-KCD

CHILDREN'S NETWORK OF
SOUTHWEST FLORIDA, L.L.C., A
FLORIDA LIMITED LIABILITY
COMPANY,

        Defendant.

## ORDER

Before the Court is Defendant Children's Network of Southwest Florida LLC's Motion to Compel. (Doc. 53.)[1] Plaintiff DeSean Gildyard did not respond, and the time to do so expired. The Court thus considers the motion unopposed. *See* Local Rule 3.01(c).

Defendant served Gildyard with initial discovery in October 2024. (*See* Doc. 53-1.) He objected to several requests but answered others, agreeing to produce "[a]ll [responsive] documents in [his] possession." (Doc. 53 at 5.) Later, during Gildyard's deposition, he testified about emails and text messages that were responsive to Defendant's discovery but were not produced. (*Id.* at 7-8.) Defendant now moves to compel Gildyard to provide

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

"complete responses" to the outstanding discovery, including the emails and messages discussed during his deposition. (*Id.* at 1.)

According to the facts now before the Court, which stand unrebutted, Gildyard has not complied with his discovery obligations. Among other things, he failed to produce responsive emails and text messages. The Federal Rules of Civil Procedure provide that a party may move for an order compelling compliance in such circumstances. *See* Fed. R. Civ. P. 37(a)(3), (b)(2)(A).

Defendant tried to confer with Gildyard's counsel in a good-faith effort to resolve this dispute to no avail. (Doc. 53 at 12.) And now Gildyard failed to respond to the motion, thereby waiving any objections to the discovery or the relief sought. *See Gray v. Fla. Beverage Corp.*, No. 6:18-CV-1779-ORL-31LRH, 2019 WL 13249032, at *4 (M.D. Fla. Oct. 23, 2019) ("Objections asserted that are not addressed in a response to a motion to compel are deemed to have been abandoned."). Having received no response in opposition, the Court grants the motion to compel. **Within fourteen days of this order, Gildyard must provide full and complete responses to the discovery requests identified in Defendant's motion, including electronically stored messages.**

Defendant alternatively asks for a forensic examination of Gildyard's electronic devices. (Doc. 53 at 13.) That relief is denied. "Courts in this circuit

2

permit forensic examinations where clear evidence exists that the party responding to discovery defaulted on its discovery obligations." *Garrett v. Univ. of S. Fla. Bd. of Trustees*, No. 8:17-CV-2874-T-23AAS, 2018 WL 4383054, at *3 (M.D. Fla. Sept. 14, 2018); *see also Bank of Mongolia v. M&P Glob. Fin. Serv.*, 258 F.R.D. 514, 517 (S.D. Fla. Apr. 24, 2009). It's not clear that Gildyard is unwilling to produce the electronic records sought. What is more, Defendant's motion contains none of the information required under the Court's Discovery Handbook. *See* Middle District Discovery Handbook 2021 at VIII(E)(3) ("A request to image an opponent's computer should include a proposal for the protection of privacy rights, protection of privileged information, and the need to separate out and ignore non-relevant information."). The Court will revisit this issue if Gildyard fails to produce the discovery ordered above.

Finally, Defendant "seeks payment of reasonable fees associated with the filing of this motion pursuant to Rule 37(a)(5)(A)." (Doc. 53 at 13.) If a motion to compel is granted, as here, "the court must . . . require the party [whose] conduct necessitated the motion" to pay the reasonable expenses, including attorney's fees, caused by the failure. Fed. R. Civ. P. 37(a)(5)(A). These sanctions are self-executing. The court *must* award expenses when a motion to compel prevails. *KePRO Acquisitions, Inc. v. Analytics Holdings, LLC*, No. 3:19-CV-00842-SRW, 2021 WL 6883475, at *2 (M.D. Ala. Mar. 22,

3

2021); *see also Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1162 (11th Cir. 1993).

No doubt sanctions are appropriate here. Gildyard did not provide the discovery sought and is now being compelled to do so. Thus, "an award of attorney's fees and expenses is mandated." *Bayer Healthcare Pharms., Inc. v. River's Edge Pharms., LLC*, No. 1:11-CV-1634-RLV-ECS, 2014 WL 12789352, at *6 (N.D. Ga. Mar. 21, 2014).

Rule 37 does have a safe-harbor provision. The Court need not order sanctions if the disobedient party's conduct was "substantially justified" or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A), (b)(2)(C). The burden of avoiding sanctions rests on the opposing party. *See, e.g.*, *Eichmuller v. Sarasota Cnty. Gov't*, No. 8:20-CV-47-T-33SPF, 2020 WL 10318567, at *1 (M.D. Fla. July 20, 2020); *Arugu v. City of Plantation*, No. 09-61618-CIV, 2010 WL 11520180, at *2 (S.D. Fla. May 4, 2010).

Gildyard has not carried his burden. Indeed, he offers no opposition to the motion. That ends the matter—the Court "must order [him] to pay the reasonable expenses, including attorney's fees, caused by the failure." *Sanchez v. City of St. Cloud*, No. 6:22-CV-11-CEM-DCI, 2023 WL 6809621, at *3 (M.D. Fla. Oct. 16, 2023).

Accordingly, it is **ORDERED**:

1. Defendant's motion to compel (Doc. 53) is **GRANTED**. **Within fourteen days of this order, Gildyard must provide full and complete responses to the discovery requests identified in Defendant's motion, including electronically stored messages.**

2. Within 14 days of this order, the parties must also meet and confer about the expenses Defendant reasonably incurred in making the motion. If the parties cannot agree on a fee award, Defendant must submit a motion, which includes necessary supporting documents detailing its reasonable expenses, if it wishes to pursue such relief.

**ORDERED** in Fort Myers, Florida on August 26, 2025.

Kyle C. Dudek
United States Magistrate Judge